# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER MARIE AVALA CAPUCHINO MARTINEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JOHN LUTZ, et al.,<br><br>　　　　Defendants.<br>　／ | Case No. 1:18-cv-00999-DAD-SKO<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(Docs. 1, 2) |

## I.  Background

On July 25, 2018, Plaintiffs Esther Marie Avala Capuchino Martinez ("Esther"), Modesto Salazar Martinez, Mandy Marie Capuchino Martinez, Dominic Gabriel Capuchino Martinez Gonzalez, Heather Dawn Capuchino Martinez, and Michael Anthony Capuchino Martinez (collectively "Plaintiffs") filed a complaint against numerous defendants. (Doc. 1 ("Complaint" or "Compl.").) Plaintiff Esther also filed a motion to proceed *in forma pauperis*, which is only signed by Esther and contains no information about the finances of any other plaintiffs. (Doc. 2 (the "IFP Motion").) For the reasons stated below, the IFP Motion is denied, and the Complaint is dismissed with leave to amend.

## II.  IFP Motion

The IFP Motion only contains information related to Esther's finances, which leaves open the possibility that one of the other plaintiffs has the resources to pay the filing fee in this case. "Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma

pauperis unless all of them demonstrate inability to pay the filing fee." *Darden v. Indymac Bancorp, Inc.*, No. CIV S–09–2970 JAM DAD, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009); *see also Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status.") The IFP Motion is therefore denied.

## III. Complaint Screening

Even assuming the remaining plaintiffs file their own meritorious IFP motions, the Court would be required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In addition, the Court is under a continuing obligation to examine its own jurisdiction, *sua sponte* if necessary, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). In the interests of efficiency, the Court will perform a preliminary screening of Plaintiffs' Complaint.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.*

Here, Plaintiffs allege the Court has jurisdiction over Plaintiffs' claims based on diversity of citizenship and federal question.[1] (Compl. at 3.) However, the Court finds Plaintiffs have not alleged sufficient facts to show that the parties to this case are diverse or that a federal question exists. Thus, based on the allegations in the Complaint, the Court does not have jurisdiction over this case and the Court dismisses the Complaint with leave to amend so that Plaintiffs may properly allege a basis for the Court's jurisdiction.

---

[1] The Court notes Plaintiffs erroneously identified the U.S. Government as the plaintiff in this case on the civil cover sheet submitted with the Complaint. (Doc. 1-1.)

**1.     Diversity of Citizenship**

Federal courts have diversity jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" on the face of the complaint in order to confirm that all parties are diverse. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In an action where subject matter jurisdiction is premised on the diversity statute, there must be complete diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than all of the defendants. *See Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) ("We have jurisdiction only if [plaintiff], a resident of California, has citizenship which is diverse from that of every defendant."). For purposes of diversity jurisdiction, the citizenship of an individual is "determined by [his] state of domicile, not [his] state of residence." *Kanter*, 265 F.3d at 857. "A person's domicile is [his] permanent home, where [ ]he resides with the intention to remain or to which [ ]he intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Unlike an individual, "a corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business." *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)).

Here, Plaintiffs have not sufficiently alleged that the parties' citizenship is completely diverse. The caption on the Complaint identifies numerous individuals and corporate entities, including several websites and specific stores located in California, as the defendants in this case.[2] (Compl. at 1.) However, the "Parties to the Complaint" section of the Complaint specifies only five defendants—all with addresses in California.[3] (*Id.* at 2–3.) The Plaintiffs to the Complaint also have the same address in Madera, California. (*Id.* at 2.) Additionally, the amount in

---

[2] The Court notes Plaintiffs also inexplicably checked the boxes identifying Defendants as "Foreign Nation[s]" and "Citizen[s] or Subject[s] of a Foreign Country" on the civil coversheet submitted with the Complaint. (Doc 1-1.)

[3] The five specified Defendants are Mardel Chin of Madera, California; Jeanette Nieto Carrillo Garcia of Madera, California; "Front Desk Staff – Veterans Office" of Madera, California; "Facebook Housing & Urban Development Madera Housing Authorities" of Madera, California; and the Department of Motor Vehicles of Fresno, California. (Compl. at 2–3.)

controversy section of the Complaint does not include a specified amount in excess of $75,000. Instead, the amount in controversy section confusingly states in its entirety: "It also meaning they the terrorists held my parents hostage also through Madera/Fresno/Modesto behavioral health both parents U.S. Government employees owned U.S. Business, Property, Houses, CARS, trucks, terrorists stole from U.S., unknown value amount, social security money, pensions, Native American money, stocks, bonds, gold, coins, certificates." (*Id.* at 5.) Accordingly, because the parties are not diverse and the amount in controversy does not exceed $75,000, the Court lacks subject matter jurisdiction over Plaintiffs' Complaint based on diversity jurisdiction, and the Complaint is subject to dismissal.

### 2. Federal Question

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009).

Here, instead of identifying a specific federal statute giving rise to their claim, the federal question jurisdiction section of Plaintiffs' Complaint states: "I am a citizen there citizenship visas may not be valid they used our identity to gain access to U.S. Gov't bombs, access to U.S. Gov't bases, ships, uniforms 'SAM' passports, U.S. licenses, I.D.'s." (Compl. at 4.) Additionally, the "Statement of the Claim" section of the Complaint (where Plaintiffs are directed to "[s]tate how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct") states: "Plaintiff's stole purses, wallets, keys, passports, address books, clothing, furs, jewelry . . ." and

proceeds to list dozens of other items "Plaintiff's" allegedly stole with no factual context. (Compl. at 5.) Aside from the fact that the Complaint alleges that *Plaintiffs* themselves stole the listed items, it does not state or even suggest any federal statute that would confer jurisdiction upon the Court to reach the merits of Plaintiffs' Complaint. Accordingly, the Court does not have jurisdiction over Plaintiffs' Complaint based on a federal question and Plaintiffs' Complaint is subject to dismissal. If Plaintiffs decide to file an amended complaint, they should identify the specific federal statutes or constitutional provisions at issue in the case and allege facts that state how each named defendant violated the statute or constitutional provision.

Although Plaintiffs do not specifically identify a federal statute conferring jurisdiction upon the Court, the Court informs Plaintiffs that 42 U.S.C. § 1983 ("Section 1983") is the vehicle through which Plaintiffs may seek redress for violations of rights secured by the United States Constitution and laws. Although Plaintiffs have not alleged facts to support such a claim, should Plaintiffs decide to file an amended complaint, they are informed that with respect to individual defendants, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *accord Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) ( "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes") (citation omitted).

None of the allegations in the Complaint even suggest a connection to an individual acting under the color of state law or that a federally protected right has been violated. "An individual acts under color of law when he exercises power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Hechavarria v.*

*City & County of San Francisco*, 463 Fed. Appx. 632, 633 (9th Cir. 2011) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)) (holding that off-duty parking control officer who assaulted plaintiff over allegations of adultery was not acting under color of state law). Private parties generally do not act under color of state law for Section 1983 purposes. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted). "The United States Constitution protects individual rights only from government action, not from private action." *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746–47 (9th Cir. 2003). Additionally, "[i]t is well established that the States and their departments, agencies and other political subdivisions are not 'persons' for purposes of § 1983." *Feldman v. California DMV*, No. CIV S–07–1296 MCE DAD, 2007 WL 3274180, at *3 (E.D. Cal. Nov. 5, 2007) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65–66, 70–71 (1989)). A state-appointed guardian ad litem also does not act under color of state law for purposes of Section 1983. *Kirtley*, 326 F.3d at 1093–94.

Plaintiffs presumably intended to allege in their Complaint that the Defendants (not Plaintiffs themselves) stole the various items specified in the Complaint. However, the Defendants listed on the caption of the Complaint include private individuals and corporations, none of which appear to be state actors under Section 1983. The Defendants listed as the parties to the Complaint also include the "Front Desk Staff – Veterans Office" and "Department of Motor Vehicles," who are also not "persons" under Section 1983. Further, Plaintiffs include individuals with the job titles "Conservator Guardianship" and "Public Administrator Payee" as Defendants, but did not explain how these individuals were persons acting under color of state law. Moreover, Plaintiffs have failed to allege any facts explaining what federally protected right any of the Defendants violated. If Plaintiffs decide to file an amended complaint, to state a claim under Section 1983, Plaintiffs should specify what federally protected rights Defendants violated, set forth the factual allegations that might support claims for such violations, and provide more context to their disjointed and confusing accusations.

## IV. Conclusion

For the reasons stated above, the Complaint is DISMISSED WITHOUT PREJUDICE. If Plaintiffs believe they can amend their Complaint to properly state a basis for the Court's jurisdiction and correct the defects identified in this order, they may file an amended complaint by no later than September 7, 2018. However, Plaintiffs must also either pay the filing fee, or file a new and complete motion to proceed IFP, or their amended complaint will be dismissed as well. If Plaintiffs do not wish to amend, or do not think they can successfully amend their Complaint, they may withdraw their Complaint or this action will ultimately be dismissed.

IT IS SO ORDERED.

Dated: **August 13, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE