# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER MARIE AVALA CAPUCHINO MARTINEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN LUTZ, et al.,<br><br>Defendants. | Case No. 1:18-cv-00999-DAD-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Doc. 3)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

On July 25, 2018, Plaintiffs Esther Marie Avala Capuchino Martinez ("Esther"), Modesto Salazar Martinez, Mandy Marie Capuchino Martinez, Dominic Gabriel Capuchino Martinez Gonzalez, Heather Dawn Capuchino Martinez, and Michael Anthony Capuchino Martinez (collectively "Plaintiffs") filed a complaint against numerous defendants. (Doc. 1.) Plaintiff Esther also filed a motion to proceed *in forma pauperis* ("IFP Application"), which was only signed by Esther and contained no information about the finances of any other plaintiffs. (Doc. 2.)

On August 14, 2018, the Court issued an order finding that Plaintiffs' complaint failed to state any cognizable claims and granting leave until September 7, 2018, for Plaintiffs to file an amended complaint. (Doc. 20.) The Court also denied Plaintiff Esther's IFP Application. (*Id.*) Although the Court gave Plaintiffs until September 7, 2018, to file an amended Complaint and revised IFP Application, Plaintiffs have neither filed an amended complaint, nor otherwise responded to the Court's order.

1

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiffs are ORDERED to show cause, within fourteen (14) days of the date of service of this Order, why this action should not be dismissed for their failure comply with the Court's August 14, 2018 Order within the specified period of time**. The Court further CAUTIONS Plaintiffs that, if they fail to file this statement within fourteen (14) days of the date of service of this Order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

IT IS SO ORDERED.

Dated: **October 9, 2018**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE