# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER MARIE AVALA CAPUCHINO MARTINEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN LUTZ, et al., <br><br> Defendants. | Case No. 1:18-cv-00999-DAD-SKO <br><br> **FINDINGS AND RECOMMENDATION TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE** <br><br> **(Doc. 4)** <br><br> **FOURTEEN (14) DAY DEADLINE** |

**INTRODUCTION**

On July 25, 2018, Plaintiffs, proceeding *pro se*, filed a complaint against numerous defendants,[1] along with a motion to proceed *in forma pauperis* ("IFP Application"), which was only signed by one plaintiff and contained no information about the finances of the other five plaintiffs listed on the complaint. (Docs. 1, 2.) On August 14, 2018, the Court dismissed the complaint for lack of subject matter jurisdiction and granted Plaintiffs until September 7, 2018, to file an amended complaint. (Doc. 3.) The Court also denied the IFP Application, and instructed

---
[1] Plaintiffs' complaint is handwritten and includes dozens of individual, corporate, and government defendants. (Doc. 1 at 1.) As the list of defendants is lengthy and illegible at times, the Court will not attempt to list all of the individual defendants.

Plaintiffs that if they decided to file an amended complaint, they would also need to either pay the filing fee, or file a new and complete IFP Application. (*Id.*)

Plaintiffs did not file a new IFP Application or an amended complaint by September 7, 2018. On October 10, 2018, the Court issued an Order to Show Cause ("OSC") ordering Plaintiffs to show cause why the action should not be dismissed for their failure to comply with the Court's August 14, 2018 order. (Doc. 4.) The Court advised Plaintiffs that the failure to comply with the OSC within fourteen (14) days would result in a recommendation for dismissal of this action, with prejudice, for failure to prosecute and failure to obey a court order. (*Id.*)

The deadline for Plaintiffs to file an amended complaint has passed, and Plaintiffs have not complied with the Court's order. Accordingly, the Court recommends dismissal of this action with prejudice

**I.     Failure to Prosecute and Failure to Obey a Court Order**

    **A.     Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiffs' amended complaint is overdue, and they have been otherwise non-responsive to the Court's order directing them to file a new IFP Application or pay the filing fee. The Court cannot effectively manage its docket if Plaintiffs cease litigating their case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's October 10, 2018, order warned Plaintiffs that failure to comply with the OSC would result in a recommendation for dismissal of this action, with prejudice, for failure to prosecute and failure to obey a court order. (Doc. 4 at 2.) Thus, Plaintiffs had adequate warning that dismissal could result from their noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiffs have not filed an operative complaint or responded to the Court's order, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiffs have ceased litigating their case.

///

///

## II. Conclusion and Recommendation

For the reasons explained above, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to obey a court order and failure to prosecute.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1)(B). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 6, 2018**            /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE